CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

OCT 23 2017

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| BRIAN RICHARDSON, | ) | CASE NO. 7:17CV00447 |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| | ) | |
| UNKNOWN, | ) | By: Hon. Glen E. Conrad |
| | ) | United States District Judge |
| Defendant. | ) | |

Brian Richardson, a Virginia inmate proceeding pro se, filed a letter in the United States District Court for the Eastern District of Virginia about prison conditions. The court construed his submission as a civil rights complaint under 42 U.S.C. § 1983, alleging violations of his constitutional rights, and transferred the case to this court. Richardson has now executed a consent form agreeing to pay the $350.00 filing fee and has submitted a second document that the court construes and grants as a motion to amend the complaint. After review of the record, the court concludes that this civil action as amended must be summarily dismissed as frivolous.

I.

Richardson is incarcerated at Red Onion State Prison ("Red Onion"). He alleges that for more than four months, Officer Baker has threatened "physical harm" to him on "numerous occasions, [and] direct[ed] his (Race Views) at [Richardson] verbally from outside" the cell door. (Compl. 2, ECF No. 1.) On August 23, 2017, Baker allegedly removed some food items from Richardson's morning meal tray and threatened to "put something in [his] tray" next time and then spray mace at him." (Id.) Richardson alleges that Baker's "unprofessional out of policy misconduct falls under" § 1983. (Id. at 2.)

In his motion to amend, Richardson asserts that Officer Baker "poses a physical threat to [his] life." (Mot. Am. 1, ECF No. 9.) Specifically, he alleges that "on Rec. days, [Baker] directs very Races [sic] talk along with verbal threat talk from diff[er]ent area's of the lower level." (Id.) Other times, Baker allegedly kicks Richardson's cell door "really hard while saying die nigger" or bangs his clipboard on the door "while directing all kinds of threat-talk" at Richardson. (Id.) Baker also allegedly threatens to withhold the inmate's meals and mark the logbook to show otherwise. Once he said to Richardson, "[I] hate lookin at [your] Black face," and threw the tray into the tray slot. (Id. at 2.)

II.

The court is required to dismiss any action or claim filed by a prisoner against a governmental entity or officer if the court determines the action or claim is frivolous, malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A(b)(1). A "frivolous" claim is one that "lacks an arguable basis either in law or in fact," because it is "based on an indisputably meritless legal theory" or its "factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 325, 327 (1989) (interpreting "frivolous" in former version of 28 U.S.C. § 1915(d)). To state a cause of action under § 1983, a plaintiff must establish that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

The Eighth Amendment protects prisoners from cruel and unusual living conditions. Rhodes v. Chapman, 452 U.S. 337, 347 (1981). However, "[t]o the extent that such conditions are restrictive and even harsh, they are part of the penalty that criminal offenders pay for their offenses against society." Id. To state a constitutional claim regarding past conditions of

confinement, a prisoner must "produce evidence of a serious or significant physical or emotional injury resulting from the challenged conditions." Shakka v. Smith, 71 F.3d 162, 166 (4th Cir. 1995). Allegations of verbal abuse and harassment by guards, without more, do not state any constitutional claim. Henslee v. Lewis, 153 Fed. App'x 178, 180 (4th Cir. 2005) (citing Collins v. Cundy, 603 F.2d 825, 827 (10th Cir. 1979)). Moreover, a state official's failure to abide by state regulations or policies is not a federal due process issue, Riccio v. County of Fairfax, Va., 907 F.2d 1459, 1469 (4th Cir. 1990), and is, therefore, not actionable under § 1983.

At the most, Richardson alleges that Baker has made verbal comments and threats that he finds disturbing, has deprived him of food items on occasion, and has acted unprofessionally and in violation of prison rules. These allegations, even if true, do not give rise to any constitutional claim. Richardson has suffered no serious physical or mental injury from Baker's actions. Moreover, even if Baker's actions are not consistent with professional standards or policies for Virginia prison officials, that fact alone does not implicate any constitutionally protected right. Because the court is satisfied that Richardson could not amend to state facts consistent with his current allegations so as to give rise to any constitutional claim, the court concludes that Richardson's complaint as amended must be summarily dismissed under § 1915A(b)(1) as frivolous.[1] An appropriate order will enter this day. The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This 23rd day of October, 2017.

_____
United States District Judge

---

[1] Richardson also alleges that the administration at Red Onion "runs the facility with open psychological warfare tactic, which is military tactic that's designed to kill on all levels." (Compl. 1, ECF No. 1.) This merely conclusory assertion, unsupported by any factual matter, need not be accepted as true for purposes of screening under § 1915A(b)(1) and cannot provide the factual basis for a claim under § 1983. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

3